UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JAMES BOWMAN, | CIVIL ACTION |
|    Plaintiff | |
| VERSUS | NO. 13-2636 |
| SLIDELL CITY, et al. | SECTION "E" |
|    Defendants | |

ORDER AND REASONS

The Court has pending before it (1) a motion to dismiss and a motion for summary judgment filed by Defendant Sherry Philips,[1] and (2) a motion to dismiss filed by Defendant the City of Slidell.[2] The Court has reviewed the motions, Plaintiff's oppositions,[3] the record, and the law, and now issues this order and reasons.

BACKGROUND

Plaintiff James Bowman, a veteran, alleges "a history of suffering from the following chronic and ongoing medical conditions: post traumatic stress syndrome, sleep apnea, fibromyalgia, and bilateral loss and chronic sinusitis."[4] He was employed as a probation officer "under the direct supervision of Defendant Sherry Philips, who was, from May 8, 2011, Clerk of Court of the City Court of Slidell."[5] Plaintiff alleges that his employer was the City of Slidell, which Defendants dispute. Plaintiff alleges that he sought and received unpaid leave under the Family and Medical Leave Act (FMLA) for "surgery in connection with his sinusitis," and also received short-term disability

---

[1] R. Docs. 13, 14.
[2] R. Doc. 42.
[3] R. Docs. 24, 48.
[4] R. Doc. 1 at 3.
[5] *Id.*

1

benefits.[6]  After taking that leave, Plaintiff alleges that Philips "increased her vigilance" of his work, criticized him, scheduling his lunch breaks, moving him from a private office to a cubicle, and having him escorted from the premises when he worked past 5:00 p.m.[7]  In early 2013, Philips terminated Plaintiff for the purportedly pretextual reason that he was "unhappy about everything;" Plaintiff contends the real reason for his termination was because "he had taken FMLA leave and was likely to need and take more," or because Philips "regarded him as disabled when in fact he was able to perform all the tasks of his job."[8]

Plaintiff filed suit in this Court against Philips and the City of Slidell, asserting claims under the FMLA, the Americans With Disabilities Act, and the Louisiana Employment Discrimination Law.  Plaintiff sued Philips in her individual capacity as to the FMLA claim, and Philips in her official capacity and the City of Slidell as to the FMLA, ADA, and LEDL claims.

The City of Slidell now moves to dismiss Plaintiff's claims, and Philips moves to dismiss and for summary judgment.

## ANALYSIS

### A.   Motion to Dismiss for Failure to Timely Serve

Federal Rule of Civil Procedure 4(m) requires service on a Defendant within 120 days of filing of the complaint.  If a Plaintiff does not serve the complaint within 120 days, the Court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time," absent some showing of good cause warranting an extension of the time for service.  *See* Fed. R. Civ. P. 4(m).

---

[6]   *Id.* at 4.
[7]   *Id.* at 4-5.
[8]   *Id.* at 5.

Service on a local government such as the City of Slidell must be accomplished by "delivering a copy of the summons and of the complaint to its chief executive officer" or "serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant." Fed. R. Civ. P. 4(j)(2). Defendant's Home Rule Charter requires all legal process be served upon the Mayor or in his absence on the presiding officer of the City Council.[9]

Plaintiff filed his Complaint on May 6, 2013.[10] Plaintiff agrees in his opposition that he served Slidell's City Attorney in May 2013 but did not serve the Mayor of Slidell until November 4, 2013. Thus, Slidell was not properly served within 120 days of the filing of the complaint.

Plaintiff articulates no good cause for his failure to timely serve Slidell. Instead, he contends that the timeliness of service is moot because Slidell was eventually served, albeit late.[11] But it is "irrelevant that the defendant not served within the 120-day period . . . is in fact later served, so long as there was not good cause for the failure to serve within the 120 days.'" *See Newby v. Enron Corp.*, 284 F. App'x 146, 149 (5th Cir. 2008) (quoting *Winters v. Teledyne Movable Offshore, Inc.*, 776 F.2d 1304, 1305-06 (5th Cir. 1985)). Plaintiff was notified of the defective attempted service on the City Attorney by a motion filed by Defendant,[12] but nonetheless failed to timely and properly serve Defendant.

Despite the lack of good cause, the Court has discretion to extend the time Plaintiff had to serve Defendant. *See Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996). Because Defendant was in fact served less than 30 days after the 120-day period

---

[9] R. Doc. 5-2 at 7. Plaintiff does not suggest any other means by which Defendant can be served.
[10] R. Doc. 1.
[11] R. Doc. 48 at 5-6.
[12] R. Doc. 5.

expired, the Court exercises its discretion and denies the motion to dismiss on that basis.

## B.     Failure to Exhaust Administrative Remedies

The LEDL requires a litigant "who believes he or she has been discriminated against, and who intends to pursue court action, shall give the person who has allegedly discriminated written notice of this fact at least thirty days before initiating court action."  La. Rev. Stat. § 303(C).  Claims based on conduct not served in the written notice are properly dismissed.  *See Baker v. FedEx Ground Package Sys., Inc.*, 278 F. App'x 322, 326-27 (5th Cir. 2008).

Philips and the City of Slidell assert that Plaintiff did not give thirty days' written notice as required by § 303(C).  In response, Plaintiff does not claim that he gave the requisite written notice, but instead asserts that the motions should be denied on the grounds of "judicial economy."[13]  Plaintiff cites no authority permitting this Court to overlook his failure to comply with the statute and serve advance written notice on Defendants merely because it will be inefficient for him to now give the written notice and re-file his claims.  Accordingly, the LEDL claims against Philips and the City of Slidell are dismissed without prejudice.

In addition, the ADA requires a party to file a charge of the discrimination with the EEOC as a prerequisite to filing suit.  *See Dao v. Auchan Hypermarket*, 96 F.3d 787, 789 (5th Cir. 1996).  The City of Slidell contends that Plaintiff has not complied with this requirement because Plaintiff's EEOC charge identified only the City Court of Slidell as his employer and did not identify or otherwise name the City of Slidell.[14]  Plaintiff

---

[13]     R. Docs.
[14]     R. Doc. 42-1 at 5.

responds that his EEOC charge of discrimination put the City on notice of his claims because "the City Court of Slidell is merely an extension of the City of Slidell."[15]

An EEOC charge against one entity is sufficient to exhaust administrative remedies as to a different unnamed entity if there is a "clear identity of interest" between the two. *See Hartz v. Adm'rs of the Tulane Educ. Fund.*, 275 F. App'x 281, 286 (5th Cir. 2008). In deciding whether there is a "clear identity of interest," the Court looks to four factors:

> (1) whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the EEOC complaint; (2) whether under the circumstances, the interests of a named [party] are so similar as the unnamed party's that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceeding; (3) whether its absence from the EEOC proceedings resulted in actual prejudice to the interests of the unnamed party; (4) whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party.

*See id.* (citing *St. Cyr v. Merrill Lynch, Fenner, & Smith, Inc.*, 540 F. Supp. 889, 891-92 (S.D. Tex. 1982)). Applying those factors, the Fifth Circuit found no clear identity of interest between Tulane School of Medicine and University Healthcare System because they were "separate and distinct business entities: Tulane is a non-profit educational institution whereas UHS is a for-profit limited liability company" and the two had separate addresses. *See id.*

In this case, it is far from self-evident that there exists a "clear identity of interest" between the City of Slidell and the City Court of Slidell. Certainly Plaintiff's conclusory allegations and vague, unsworn assertions of connections between the two do not suffice. *See id.* at 286-87 (affirming dismissal of complaint "wholly lacking in any

---

[15] R. Doc. 48 at 7.

factual basis for [plaintiff's] conclusory allegation that" a medical school and a hospital shared an identity of interest). Therefore, the Court agrees with the City of Slidell that Plaintiff's EEOC charge against the City Court of Slidell did not exhaust Plaintiff's administrative remedies as to the City. Plaintiff's ADA claim against the City of Slidell is dismissed without prejudice.

### C. Sufficiency of Factual Allegations

Defendants also move to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, asserting a variety of arguments. A district court may dismiss a complaint, or any part of it, for failure to state a claim upon which relief can be granted if the plaintiff has not set forth a factual allegation in support of his claim that would entitle him to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007).

#### 1) Prima Facie Case

To state a claim for discrimination under the ADA, a plaintiff must allege that he or she "(1) suffers from a disability; (2) was qualified for the job; (3) was subject to an adverse employment action; and (4) was replaced by a non-disabled person or was treated less favorably than non-disabled employees." *Amsel v. Tex. Water Dev. Bd.*, 464 F. App'x 395, 399 (5th Cir. 2012). A disability is "(A) a physical or mental impairment that substantially limits one or more major life activities . . .; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(1). To state a claim for retaliation under the FMLA, a plaintiff must show that "(1) she was protected under the FMLA; (2) she suffered an adverse employment decision; and either (3a) that she was treated less favorably than an employee who had not requested leave under the FMLA; or (3b) the adverse decision was made because she

6

took FMLA leave." *Hunt v. Rapides Healthcare Sys., LLC*, 277 F.3d 757, 768 (5th Cir. 2001).[16] "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss," and a plaintiff must allege factual material supporting the elements of ADA and FMLA claims. *See Gillie v. La. Dep't of State Civil Serv.*, 2014 WL 969247, at *1-2 (5th Cir. Mar. 13, 2014) (internal quotation marks omitted).

The Court agrees that Plaintiff's Complaint is factually lacking. For example, the Complaint fails to allege Plaintiff's disability with sufficient specificity. Plaintiff alleges he "has a history of suffering from" post-traumatic stress syndrome, sleep apnea, fibromyalgia, and bilateral hearing loss and chronic sinusitis.[17] Certainly these can be impairments, but Plaintiff has not alleged facts suggesting the requisite substantial limitation of a major life activity. *See Hamilton v. Sw. Bell Tel. Co.*, 136 F.3d 1047, 1050 (5th Cir. 1998) ("PTSD . . . standing alone, is not necessarily a disability contemplated by the ADA."). Accordingly, the motion to dismiss is granted as to Plaintiff's ADA and FMLA claims, with leave to amend to allege facts supporting the elements of a prima facie case.

### 2) Plaintiff's Employer

Both Defendants' motions raise the question of which entity (or entities) employed Plaintiff. The City of Slidell contends that as a matter of law it was not his employer, and thus it cannot be liable under the ADA or FMLA. Philips agrees that the City was not his employer, and therefore the FMLA claim should be dismissed because the City Court of Slidell does not have enough employees to bring it within the scope of

---

[16] It does not appear from the Complaint that Plaintiff sought but was denied FMLA leave.
[17] R. Doc. 1 at 3.

the FMLA.[18]

The City Court of Slidell is established by state statute, not by the City of Slidell. *See* La. Rev. Stat. § 13:2487.1.  Thus, Plaintiff has an uphill battle to show he was employed by the City.  The Court finds particularly instructive the analysis in *Griffith v. City of New Orleans*, 2013 WL 322118 (E.D. La. Jan 28, 2013) ("*Griffith I*") and *Griffith v. City of New Orleans*, 2013 WL 2555787 (E.D. La. June 10, 2013) ("*Griffith II*").  In those opinions, the court addressed a very similar factual scenario and concluded that the City of New Orleans, also an entity established by state statute,[19] was not the joint employer of plaintiffs suing judges of the Orleans Parish Judicial Court under Title VII. *See Griffith I*, 2013 WL 322118 at *2-3; *Griffith II*, 2013 WL 2555787 at *3-5.

Plaintiff's factual contentions regarding the relationship between the City of Slidell and the City Court of Slidell are very thin, and he does not convincingly distinguish these circumstances from *Griffith I* and *Griffith II*.  Although those opinions were issued on summary judgment motions, it may well be the case that the issue of Plaintiff's employer can be decided on a renewed motion to dismiss if Plaintiff cannot allege additional facts.  Accordingly, in his amended Complaint Plaintiff should allege whatever facts he believes suggest that the City of Slidell was his employer for the purposes of the ADA, the FMLA, or the LEDL, with *Griffith I* and *II* as guideposts.[20]

### D.   Summary Judgment

Philips also filed a motion for summary judgment raising the same arguments as her motion to dismiss but attaching materials outside the pleadings.  Under these circumstances, and because Plaintiff has leave to file an amended complaint which may

---

18   R. Doc. 14-1 at 4-5.
19   La. Rev. Stat. § 13:1566.
20   Philips' arguments based on Eleventh Amendment immunity are denied as insufficiently briefed.

8

reframe the issues in this case, the motion for summary judgment is denied with leave to refile at an appropriate later time.

## CONCLUSION

For the foregoing reasons, the motions to dismiss and motion for summary judgment are **GRANTED IN PART** and **DENIED IN PART** as set forth herein. Plaintiff's ADA, FMLA, and LEDL claims are dismissed without prejudice. Plaintiff shall file an amended complaint addressing the deficiencies identified herein on or before September 1, 2014.

New Orleans, Louisiana, this 17th day of July, 2014

_____
SUSIE MORGAN
UNITED STATES DISTRICT JUDGE